240

John McInerney and Frances McInerney, his wife et al., Appellants *v.* Board of Supervisors of Ross Township, Monroe County, Pennsylvania, Appellee.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Cregg E. Mayrosh, Cohn & Mayrosh,* for appellants.

*David W. K. Mauer,* with him *Edward H. Hoffner, Robinson, Hoffner & Billick,* for appellee.

OPINION BY JUDGE ROGERS, December 10, 1980:

This is the appeal of owners of residential lots in three subdivisions located in Ross Township, Monroe County, from an Order of the Court of Common Pleas of Monroe County sustaining the demurrer of the Board of Supervisors of Ross Township to the appellants' complaint in equity. The appellants, plaintiffs below, averred in their complaint that the supervisors

of Ross Township gave final approval of the plans of the subdivisions in which their lots were located; that at the time final approval was given the subdivision and land development ordinance of Monroe County was in effect in Ross Township; that at the time final approval was given there was also extant in Ross Township its Ordinance No. 14 imposing higher construction standards than the county ordinance for streets offered for dedication as public streets of the township; that at the time the final approval was given the streets in the appellants' subdivisions had not been improved as required by Ordinance No. 14; that the supervisors had not required the developer to provide by deposit or other security an amount sufficient to cover the costs of street construction; that the appellants have requested the supervisors to improve their streets in accordance with Ordinance No. 14, to accept the streets as public streets of the township, and thereupon to maintain and clear them at public expense, but that the supervisors had refused their demands; and that for lack of maintenance and snow removal they are denied safe and reasonable access to their properties. The relief requested is an order directing the Board of Supervisors to improve the streets in their subdivisions in accordance with the requirements of Ordinance No. 14, to accept them as township streets and henceforth maintain them.

It will be noted that the appellants allege that streets conforming to the standards of Ordinance No. 14 were not installed at the time the plan received final approval and that the supervisors failed to require a deposit or other security for the installation of streets again in accordance with the standards of Ordinance No. 14. They do not allege that streets conforming to the standards of the Monroe County subdivision and land development ordinance were not installed at the time of final approval; and, since they have streets, it

is a fair inference that streets conforming to the Monroe County standards were installed. They say that Ordinance No. 14 was effective and that the supervisors should have made the developer install streets in accordance with its strict standards rather than provide the gravel roads permitted by the county ordinance, because Ordinance No. 14 effected a pro tanto repeal of the county ordinance.

Section 502 of Article V of the Pennsylvania Municipalities Planning Code (MPC)[1], dealing with Subdivision and Land Development, provides that when a county has adopted a subdivision and land development ordinance it shall be in effect in municipalities which have no subdivision and land development ordinances of their own, but that the later enactment of a subdivision and land development ordinance by such a municipality shall act as a repeal pro tanto of the county ordinance within the municipality. Since the exact words of the crucial sentence of Section 502 are that "[t]he enactment of a subdivision and land development ordinance by any municipality . . . shall act as a repeal pro tanto of the county . . . ordinance within the municipality" we look at Ordinance No. 14 to see if it is "a subdivision and land development ordinance" and find that clearly it is not. It simply provides width and construction standards for streets and roads offered for dedication as public facilities; it also provides that "alternate improvement standards may be permitted" which the supervisors deem equal to those of the ordinance. Neither the word subdivision nor the phrase land development is mentioned in Ordinance No. 14 and it has no provisions for submitting or processing plans, no provisions for approval of plans by the township supervisors, no requirements for the coordination of streets with existing streets, nor

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10502.

any of the other matters referred to in Section 503 of the MPC, 53 P.S. §10503 as the proper subjects of subdivision and land development ordinances. We are not required to speculate on what use the supervisors of Ross Township envisioned for Ordinance No. 14, but their action in this instance of giving final approval to plans of subdivisions without requiring the streets to be built in accordance with Ordinance No. 14 standards gives strong indication that they did not intend it to repeal the Monroe County subdivision and land development ordinance. Hence, appellants have not pleaded facts which could be the basis for requiring the township to bring the streets in their subdivision to the standards of Ordinance No. 14 as they request.

The appellants' reliance on the case of *Safford v. Board of Commissioners, Annville Township,* 35 Pa. Commonwealth Ct. 631, 387 A.2d 177 (1978), is ineffective. In *Safford,* purchasers of lots in a residential subdivision sued Annville Township, a township of the first class, and the developer of their subdivision in equity seeking an order requiring the township or the developer, or both, to pave their streets in their subdivision, install storm sewers and accept and maintain the streets as township facilities. We reversed the lower court's dismissal of the complaint, holding that the township was required to pave, accept and maintain the streets and install storm sewers, recovering the cost of the last from the developer.

A number of factors not present here mandated the *Safford* result. First, Section 3066(c) of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* added by Section 1 of the Act of May 31, 1947, P.L. 362, *as amended,* 53 P.S. §58066(c) which was the controlling law at the time of the township's initial approval of the developer's plans in 1963, provided that the township might not approve a subdivision plan unless the street improvements shown on

the plan were completed or the developer posted security sufficient to cover the cost of completion of the required improvements. Annville Township, however, approved the plan before the street improvements were completed and without requiring the posting of security. Second, the *Safford* developer filed amended plans in 1974. Annville Township had in effect at that time subdivision regulations which, *inter alia,* required developers to construct the public improvements shown on their plans, including streets and storm sewers, or provide the township with security for completion. Section 509 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10509, which had supplanted Section 3066(c) of the First Class Township Code in 1968, provided in pertinent part as follows:

> No plat shall be finally approved unless the streets shown on such plat have been improved as may be required by the subdivision and land development ordinance and any . . . sanitary sewers, storm drains and other improvements as may be required by the subdivision and land development ordinance have been installed in accordance with such ordinance. In lieu of the completion of any improvement required as a condition for the final approval of a plat, the subdivision and land development ordinance may provide for the deposit with the municipality of a corporate bond, or other security acceptable to the governing body in an amount sufficient to cover the costs of any improvement which may be required. Such bond, or other security shall provide for, and secure to the public, the completion of any improvement which may be required within the period fixed in the subdivision and land development ordinance for such completion.

Annville Township, in violation of Section 509 and additionally of its own subdivision regulations approved the amended plan although storm sewers, a new requirement, were not installed and although the developer had not provided any guarantee for their completion.

Third, in *Safford* the supervisors expressly agreed with the plaintiffs to accept the streets if certain work was done, and after the work was done refused to accept them unless additional things were added.

In the instant case, Ross Township approved the subdivision plans in 1974; therefore Section 509 of the MPC controls the township's approval. In 1974, the applicable subdivision regulations in Ross Township were those promulgated by Monroe County, which the township had adopted by reference. *See* Section 502 of the MPC, 53 P.S. §10502. These regulations required for approval of a subdivision plan that specified street improvements be made, but it did not authorize the alternative of deposit or security for their later completion. As noted, the appellants have not alleged that any improvements required by the applicable county regulations were not completed prior to final approval. They do complain that the township failed to require the developer to give security for the completion of the improvements. However, Section 509 requires security only when the required improvements have not been completed before final approval and where the applicable subdivision regulations provide for such alternative. Neither condition to the requirement of obtaining security was present here.

Order affirmed.

### ORDER

AND Now, this 10th day of December, 1980, the order of the Court of Common Pleas of Monroe County sustaining the appellee's demurrer and dismissing the complaint herein is affirmed.