## Bonsall v. Pocopson Township

*John R. Merrick,* for plaintiffs.
*Ross A. Unruh,* for defendant.
*Fred T. Cadmus,* for additional defendants.

WOOD, *J.,* April 16, 1981—Plaintiffs Bonsall, husband and wife, purchased a home and lot in Pocopson Township from two couples, the Murphys and the Molettes, on April 6, 1965. The Bonsall lot was part of a larger tract subdivided by the developers, the Murphys and the Molettes, pursuant to a plan made by G.D. Houtman and Son. Many, if not all, of the Houtman plan lots have been sold by the developers since 1951. This subdivision was never approved by the township or the County Planning Commission, nor was it recorded. Access to the Bonsall lot is by way of an unfinished street which extends westerly to an intersection with East Lafayette Drive, a street within the Brandywine Hills Development.

The preliminary plan for this latter development was approved by the township supervisors and is recorded in the office of the Recorder of Deeds of Chester County. The road on which the Bonsalls live commences in Brandywine Hills (and is known

therein as Wayne Drive), but the Bonsalls live beyond that portion located within the Brandywine Hills plan. Nevertheless, the Bonsalls allege that the developers assured them when they purchased their lot that the street would be paved and finished as were the other streets in Brandywine Hills.

Plaintiff Robert Burton resides in a home within the Brandywine Hills Development on Wayne Drive. Wayne Drive is paved in front of his home, and indeed the only unpaved portion is a 175' spur well past the Burton home, which spur leads to the Bonsall property. Burton does not allege that the 175 feet unpaved portion of Wayne Drive within Brandywine Hills has caused him to sustain any inconvenience or specific injury to himself or his property.

Plaintiffs in their complaint, seek three things:

(1) That the township construct, accept and maintain the unpaved portion of Wayne Drive.

(2) That the township be directed to pay compensatory damages.

(3) That the township be directed to pay reasonable counsel fees and other taxable costs that plaintiffs have incurred in bringing this action.

The township has filed preliminary objections in the nature of a demurrer, a petition raising nonjoinder of a necessary party, and a motion for more specific pleading. They have also filed a complaint joining the original developers as additional defendants, thus mooting the objection based on nonjoinder.

Plaintiffs rely essentially on the Commonwealth Court's decision in Safford v. Board of Commissioners, Annville Township, 35 Pa. Commonwealth Ct. 631, 387 A. 2d 177 (1978), to establish their right to relief. There, purchasers of lots in a residential sub-

division sued the township and the developer in equity seeking a court order directing either defendant, or both, to pave the streets in the subdivision, install storm sewers, and accept and maintain the streets as township facilities. The lower court dismissed the complaint but the Commonwealth Court reversed and directed the township to pave, accept and maintain the streets and install storm sewers.

Judge Rogers' reasoning in Safford bears analysis here. The operative statutory provision was section 3066(c) of The First Class Township Code of June 24, 1931, P.L. 1206, as amended, 53 P.S. §58066(c), which provided that before a township approved "any subdivision plan for recording," either the roads shown on the plan should be completed satisfactorily, or a bond posted to guarantee their completion. Since the aggrieved plaintiffs had bought from an approved and recorded plan, Judge Rogers reasoned that they had a right to expect that the township had assured the completion of the roads by requiring the posting of completion bonds. Since no bonds had been posted, the township, and not the homeowners, would be obliged to bear the cost of constructing the streets and seeking recompense from the developer.[1]

We do not think Safford controls this case. In Safford, there were plaintiffs who had both stand-

1. The Safford decision has recently been analyzed by Judge Rogers himself in the recent case of McInerney v. Board of Supervisors of Ross Township, 55 Pa. Commonwealth Ct. 240, 423 A. 2d 1069 (1980). It is instructive to note the difference between the statutory scheme for subdivision approval involved in Safford, and the preliminary/final plan scheme laid out under the new Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, arts. V and VII, 53 P.S. §§10501 et seq., and 10701 et seq.

ing (in that they had bought off the approved plan) and damages (in that it could be shown that failure to maintain the streets worked to their detriment). Here, we have plaintiffs, (the Bonsalls) who have been damaged becuase no one has constructed Wayne Drive all the way out to their house, but their situation does not fit within the Safford rationale because their lot is not located within the approved and recorded subdivision plan.[2] On the other hand, we have a plaintiff (Burton) who may arguably have standing under the Safford rationale, but who has alleged no damage to himself or his property as the result of the fact that the township declined to construct and maintain the unpaved 175′ of Wayne Drive that is located further up the street.

Is there any other basis on which plaintiffs might be entitled to relief? In paragraph 13 of their complaint, they alleged that the township aided and abetted the illegal sale of lots in unapproved subdivisions; they do not say that the township was involved in the sale to the Bonsalls, although one is left with that impression after a first casual reading. If it could be shown that the township participated somehow in deceiving the Bonsalls into buying their lot, thinking that a street was assured them, we think the Bonsalls have an action against the township; otherwise not. Also, if it can be shown that the Burtons are injured because they cannot drive on the 175′ spur of Wayne Drive, they will have an action; otherwise not. If plaintiffs replead, we suggest that they spell out with particularity any alleged misconduct on defendants' part, and

2. Ordinarily we require some act of acceptance of a street by the township before it can be held liable to repair it. See Koerth v. Turtle Creek Borough, 355 Pa. 121, 49 A. 2d 398 (1946).

the manner in which such misconduct caused harm to plaintiffs. Nothing less will suffice.

## ORDER

And now, April 16, 1981, we sustain the demurrer of Pocopson Township, but grant leave to plaintiffs to plead over within 30 days of this order, if the facts permit them to do so, in keeping with the foregoing opinion.