Francis L. Stambaugh and April V. Stambaugh, et al. *v.* Township of Reed, et al. Township of Reed, Appellant.

Francis L. Stambaugh and April V. Stambaugh, et al. *v.* Township of Reed, et al. Gerald F. Walsh, Appellant.

Argued October 18, 1984, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Linus E. Fenicle, Enrico & Fenicle, P.C.,* for appellant, Township of Reed.

*Walter W. Wilt,* for appellant, Gerald F. Walsh.

*Joel Weisberg,* for appellees.

Opinion by Judge Craig, December 6, 1984:

In this subdivision regulation case, we must determine whether the Township of Reed or Gerald Walsh, the developer of a subdivision within the township, is responsible for the completion of streets located in the subdivision. Both parties have cross-appealed from an equity decree of the Court of Common Pleas of Dauphin County, which held both responsible.

On July 6, 1976, the Reed Township Board of Supervisors approved Walsh's Final Subdivision Plan No. 1 of Hidden Acres with the following notation appearing on its face:

> All streets shown hereon, if not previously dedicated, are hereby tendered for dedication. Approval of this plan does not constitute acceptance of the streets shown hereon.

The plan showed two streets, Woodland Road and Hillside Drive, having fifty-foot rights-of-way, but contained no further details concerning construction of the streets.

After the plan approval, developer Walsh recorded the plan. He sold the lots to individual purchasers, graded the rights-of-way, installed sub-base, and rolled and otherwise completed the streets, but he did not pave them with a hard surface.

Because both the township and Walsh disclaimed any responsibility for completing the streets, the lot purchasers filed this action in equity in Dauphin County Common Pleas Court, to compel the township or the developer, or both, to complete and maintain the streets within Hidden Acres. The chancellor, Judge Morrison, determined that developer Walsh was responsible for paving the streets. He therefore entered a decree nisi ordering Walsh to pave the streets in compliance with township specifications, and direct-

ing the township to accept the streets for public use after Walsh completed the paving.

The Walshes filed exceptions, and the court en banc entered a final decree which did not negate the acceptance mandate, but revised the previous order to absolve Alma Walsh of any responsibility, and to include the Township of Reed as jointly and severally liable with Gerald Walsh for completion of the streets, prompting these appeals.

The record contains substantial evidence to support the chancellor's finding that the lot purchasers relied on Walsh's promise that the roads would be paved. Hence, the imposition of responsibility for paving the roads upon developer Walsh is well founded, as is the releasing of his wife from liability on the basis that she had no interest or involvement in the development.

Although the record contains conflicting evidence regarding who Walsh said would actually be doing the paving, Walsh had no authority to promise that the township would be responsible, and it could not be bound by any such promise. Therefore, the township's responsibility, if any, must rest upon different grounds.

Section 509 of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §10509, as it stood in 1976 at the time of the plan approval here, provided in part:

> No plat shall be finally approved unless the streets shown on such plat have been improved *as may be required by the subdivision and land development ordinance* . . . . In lieu of the completion of any improvements required as a

[1] The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101 through 11108-A.

condition for the final approval of a plat, the subdivision and land development ordinance shall provide for the deposit with the municipality of a corporate bond, or other security acceptable to the governing body in an amount sufficient to cover the costs of any improvements which may be required. (Emphasis added.)

Contrary to that section, the Reed Township Board of Supervisors approved the Hidden Acres plan without requiring *any* improvement of the streets, and without requiring developer Walsh to post any subdivision improvement bond. As noted, Walsh merely graded the streets, as required by Article III, Section 3B of the Reed Township Subdivision Regulations, which provides in part:

Before approving any subdivision plan for recording, subdivider shall complete the necessary grading, and *where necessary in the judgment of the Board, the paving and other street improvements* . . . or the subdivider shall assure the Township of the completion of the same by means of a proper completion guarantee in the form of a bond or the deposit of funds or securities in escrow sufficient to cover the cost of the required improvements. (Emphasis added.)

Because MPC §509 referred to the local subdivision ordinance provision as to the extent of the required improvements, and because here the local ordinance requires only grading unless the governing body specifically calls for paving, the MPC and the local ordinance were satisfied by the grading done by Walsh. According to the township's ordinance, the supervisors *may,* in their discretion, require further improvements before approval of the plan, but they did not do so here.

In that important respect, this case is different from *Safford v. Board of Commissioners of Annville Township*, 35 Pa. Commonwealth Ct. 631, 387 A.2d 177 (1978), where the local subdivision regulations apparently required developers either to construct all the public improvements or to provide the township with surety bonds sufficient to assure completion of all such improvements. The commissioners in *Safford* also neglected to require either completion or a bond, thus enabling the developer to sell lots within the subdivision without full completion of the roads, and permitting purchasers to believe that the township had obtained a guarantee of the completion of all improvements included in the plan. Judge ROGERS of this court stated:

> It seems to us that it must follow that a township whose commissioners by approving plans enable developers to record plans showing proposed public improvements and to sell lots, cannot be heard to tell purchasers of lots the public improvements, for which the township was required to obtain the developers' guarantees, will not in fact be supplied because of the township's failure to comply with the law and *its own regulations*. (Emphasis added.)

*Id.* at 639, 387 A.2d at 181.

In the present case, however, neither this township's somewhat lax subdivision regulations nor any details on the approved plans required *paving*. Nor did Reed Township make any explicit promise to pave on the condition that the developer install grading, sewers and curbs, as the township in *Safford* did. Therefore, contrary to the court en banc's conclusion, *Safford* is not controlling here, and does not mandate the inclusion of Reed Township as jointly and severally liable with Walsh, who, in addition to fulfilling his

ordinance obligation to grade the streets, must also fulfill his promise to the lot owners by paving the streets to township specifications.

This case also differs from *Safford* with regard to the matter of the municipality's obligation to accept the streets. In *Safford,* the township expressly obliged itself to accept the streets if the developer properly graded them. Here, there was no comparable agreement in advance by the Township of Reed. As reflected by the notation on the Hidden Acres plan, approval of a plan and acceptance of streets for public use are two distinct matters. Where a plan includes a dedication of streets, neither the plan approval nor the developer's completion of the streets obligates the township to accept them. *See* §§514 and 404 of the MPC, 53 P.S. §§10514 and 10404, read in conjunction. Therefore, acceptance is a matter of discretion with the township, *see* Section 1147 of the Second Class Township Code, 53 P.S. §66147.[2]

Nevertheless, the township at oral argument before this court conceded its intention to accept the streets if they were properly paved. Therefore, we need not revise that provision of the decree nisi mandating acceptance, which the court en banc left undisturbed.

Therefore, the final decree is modified, to have the same effect as Judge MORRISON's decree nisi, except as to the responsibility of Alma Walsh.[3]

---

[2] Act of May 1, 1933, P.L. 103, §§101-2201, 53 P.S. §§65101-67201.

[3] Walsh also contends that the trial court erred in permitting counsel for Reed Township to introduce into evidence portions of the deposition testimony of one of the plaintiffs. However, that evidence was clearly admissible under Pa. R.C.P. No. 4020(a)(2) which permits a party to use the deposition of an adverse party for any purpose at trial, without regard to the availability requirements applicable to witnesses and parties, not necessarily adverse, set forth in Pa. R.C.P. No. 4020(a)(3).

## Order

Now, December 6, 1984, the Final Decree of the Common Pleas Court of Dauphin County, at No. 4029 Equity, 1980, dated February 17, 1984, is modified to provide that Gerald Walsh shall complete the paving of Woodland Road and Hillside Drive within the Hidden Acres subdivision according to township specifications, and Reed Township shall then accept those streets for public use and maintenance.