William E. Wilson et al. *v.* Jefferson Township et al., Earl Szoyka and Audrey Szoyka, his wife, Appellants.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*James Hook, Hook & Hook,* for appellants.

*Michael J. Healey,* for appellees, William E. Wilson, et al.

*William M. Radcliffe,* with him, *Charles O. Zebley, Coldren, DeHass & Radcliffe,* and *Ewing Pollock, Pollock & Thomas,* for appellees, Jefferson Township, Richard Faddis, Carl Bane and William White.

OPINION BY JUDGE PALLADINO, December 27, 1984:

Earl Szoyka and his wife appeal from a decision of the Court of Common Pleas of Greene County which required them to complete the streets in a development which they built. The Wilsons, *et al.,* are homeowners (homeowners) in the development built by the Szoykas. The homeowners originally sought to hold the Szoykas and Jefferson Township (Township), individually and severally liable for the completion of the road work. The trial court dismissed the complaint against the Township and found solely against the Szoykas.

A brief review of the factual history in this case reveals that in 1970 the Township enacted an ordinance governing construction, minimum widths, materials, and drainage provisions which had to be met as a condition to acceptance by the Township of roads to be built by developers. The trial court found that this ordinance was *not* a subdivision or land development ordinance under the Municipalities Planning Code (MPC).[1]

In 1974 the Board of County Commissioners of Greene County (County) adopted a subdivision and

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101—§11108-A.

land development ordinance requiring certain drainage and road construction standards for land subdivision developments. Both the Township and the County ordinances were in effect at all times relevant to this case.

On June 7, 1976, the Township approved the Szoyka Plan of Lots *subject to* compliance with the Township ordinance mentioned above.[2] Two days later, the County approved the Szoyka Plan of Lots.

The trial court found that the Szoykas "were aware" of both ordinances prior to the construction of their housing development but failed to comply with the requirements relating to road and street work imposed by the ordinances. The homeowners brought an action against the Szoykas and the Town-

---

[2]

### TOWNSHIP APPROVAL

And now, this 17 day of May, 1976, we members of Jefferson Township, Greene County, Pennsylvania, hereby certify that we have examined the Szoyka Plan of Lots as laid out by Earl Szoyka and Charles G. Whipkey and that we have received a copy for our files, and we hereby approve the same in order that it may be placed on record in the Recorder's Office of Greene County, Pennsylvania.

However, this approval shall not be considered to be a waiver of the provisions of Township Ordinance No. 2 (1970), relating to the construction, minimum width, sub-base surface materials and drainage facilities in this Plan.

The provisions and requirements of said Ordinance must be complied with prior to the time that the Township is obligated to maintain, repair, and grade said roads in accordance with the Second Class Township Code of May 1, 1933, P.L. 103, and amendments thereto.

/s/
President of the board
ATTEST: /s/
Secretary

Reproduced Record, p. 298A.

ship on the theory that the Township had a duty to enforce both ordinances.

This Court's scope of review in zoning cases commenced in equity is to determine whether the lower court committed an error of law or an abuse of discretion. *Joe's Enterprises of Stroudsburg, Inc. v. County of Schuylkill*, 73 Pa. Commonwealth Ct. 124, 457 A.2d 607 (1983).

The first issue to be addressed is the Township's liability, which can be broken down to a bipartite inquiry. First, was the Township's ordinance a "Subdivision & Land Development Ordinance" as described in the MPC? Second, did the Township have a duty to enforce the County ordinance which clearly *was* a Subdivision & Land Development ordinance under the MPC?

The resolution of the first alleged error of law, whether or not the Township ordinance is a "Subdivision & Land Development Ordinance" under the MPC, is essential to our review of the trial court's decision to dismiss the homeowners' complaint as to the Township. For if the Township ordinance is a subdivision ordinance under the MPC, an absolute duty to enforce the ordinance is imposed upon the Township under Section 10509 of the MPC. *See Safford v. Board of Commissioners, Annville Township*, 35 Pa. Commonwealth Ct. 631, 387 A.2d 177 (1978).

The trial court found that the Township's ordinance was *not* an MPC subdivision ordinance. We agree. The Township ordinance merely provides the standards to be followed when building streets and roads which must be met before the Township will accept them. The ordinance mentions nothing about subdividing land or the development thereof. Also conspicuously absent from the ordinance are approval procedures for the submission and processing

of lot plans.[3] *See McInerney v. Board of Supervisors of Ross Township,* 55 Pa. Commonwealth Ct. 240, 423 A.2d 1069 (1980).

Turning to the Township's alleged duty to enforce the County ordinance, we note the following statutory language:

> The enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance shall act as a repeal pro tanto of the county subdivision and land development ordinance within the municipality adopting such ordinance.

53 P.S. §10502.

Since we have determined that the Township road ordinance is not a subdivision and land development ordinance within the meaning of the MPC, there has been no preemption of the County subdivision ordinance. Therefore, the County subdivision ordinance is still in effect. The question of enforcement duty regarding the County ordinance has already been answered by this Court in *ARCO v. Della Vecchia,* 69 Pa. Commonwealth Ct. 235, 240, 450 A.2d 792, 795 (1982), where Judge BLATT wrote:

> It is clear, therefore, that county planning agencies have jurisdiction over *land* located in townships which do *not* have subdivision ordinances until—and only until—such time as a township subdivision ordinance is enacted and is filed with the county planning agency. . . . Consequently, once the Township here enacted a subdivision ordinance, it, and only it, had jurisdiction over the land located within its boundaries. (Emphasis in original.)

---

[3] *See* 53 P.S. §10502.

Therefore, until that time when a municipality other than a county, enacts its own subdivision ordinance thereby preempting (or repealing *pro tanto*) the County ordinance, the County's ordinance is in effect and the County has jurisdiction over the land and in turn, the enforcement of its own ordinance. The Township had no duty to enforce the County's ordinance.

The only remaining issue is the Szoykas' liability. The Szoykas argue that since there was no contractual agreement between themselves and the homeowners regarding the completion of the streets, the Township must bear the responsibility of accepting the roads as they are and finishing them. The Szoykas cite no authority for the proposition that a contractual relationship must exist before liability can be imposed upon the developer. The trial court found as a fact that the Szoykas were aware of the ordinances in effect at the time they started their project and that they were therefore bound to abide by the regulations and requirements set forth in those ordinances. We concur with the trial court's reasoning.

The Szoykas also argue that the Township waived its ordinance requirements. The trial judge specifically found that there had been no waiver and we have found no evidence supporting the Szoykas' allegation.

Finally, the Szoykas claim that our decision in *Safford* requires that we impose liability upon the Township. *Safford* however, is not applicable to the case at bar because in *Safford* the Township had enacted a subdivision ordinance which replaced the County subdivision ordinance under Section 10509 of the MPC; there has been no preemption of the county ordinance here. *See Safford,* 35 Pa. Commonwealth Ct. at 635, 387 A.2d at 179. Thus, *Safford* remains inapposite. *See also Stambaugh v. Township of Reed,* 86 Pa. Commonwealth Ct. 316, 484 A.2d 853 (1984).

Having found no errors of law nor an abuse of discretion, we affirm the decision of the Court of Common Pleas of Greene County.

ORDER

AND Now, December 27, 1984, the decision of the Court of Common Pleas of Greene County in the above-captioned matter, is affirmed.