## Setzer v. Mercer County

58

C.P. of Mercer County, no. 2001-229.

*John A. Tumolo,* for plaintiffs.
*Robert G. Kochems,* for defendant MCRPC.
*Alan G. Stahl,* for defendant Liberty Township and its supervisors.

DOBSON, *J.,* September 24, 2001—The matters before this court for disposition are: defendants Liberty Township's and its supervisors, individually, Ron Faull, Robert Gregg and John Lindey's preliminary objections to plaintiffs' complaint; defendant Mercer County Regional Planning Commission's (MCRPC) preliminary objections to plaintiffs' complaint; and plaintiffs' preliminary objections to Liberty Township's and MCRPC's preliminary objections.

Plaintiffs are property owners in the Liberty Gait sub-division located in Liberty Township, Mercer County, Pennsylvania. The developer of the Liberty Gait development never completed the roadways in the development. Plaintiffs allege that the defendants failed to force the developer to follow Mercer County's specifications for the roadways in the development when it was constructed in 1983-1984.

On December 4, 1958, Mercer County adopted a Subdivision and Land Development Ordinance to regulate the development of land within Mercer County. Plaintiffs complain that the defendants improperly failed to enforce the ordinance and that the defendants have wrongly refused to accept the roadways in the development as public roads which would thereby cause the defendants to accept the financial burden of maintaining the roads.

On February 18, 1983, Liberty Township accepted a letter of credit from the developer to guarantee completion of the roads within the development, however, plaintiffs contend that Liberty Township improperly allowed the bond to expire without requiring the developer to post a new bond to insure that the roads were built to the proper specifications. Plaintiffs' complaint seeks equitable relief demanding that defendants accept responsibility for and maintain the roadways in the Liberty Gait development. Liberty Township and MCRPC have each filed preliminary objections to plaintiffs' complaint.

Liberty Township's first objection is in the form of a demurrer contending that plaintiffs' claims are legally insufficient under the Municipalities Planning Code

(MPC). Plaintiffs allege that Liberty Township failed to follow or enforce the provisions of the MPC because defendant Mercer County adopted a qualifying Subdivision and Land Development Ordinance pursuant to the MPC, 53 P.S. §10502, and Liberty Township has not enforced this ordinance.

Liberty Township argues that pursuant to 53 P.S. §10502(a) Mercer County's Subdivision and Land Development Ordinance controls unless Liberty Township adopts its own subdivision and land development ordinance. Liberty Township further argues that plaintiffs do not allege that Liberty Township enacted its own subdivision and land development ordinance, therefore, Mercer County is the only entity that had jurisdiction to approve or reject a plan submitted under its Subdivision and Land Development Ordinance.

In support of its objection, Liberty Township cites *Wilson v. Jefferson Township,* 86 Pa. Commw. 511, 485 A.2d 861 (1984). In *Wilson,* the plaintiffs were homeowners in a development located in Jefferson Township, Green County. The plaintiffs sought to hold the developers and Jefferson Township individually and severally liable for the completion of the roadwork in a development.

The factual history in *Wilson* reveals that in 1970 Jefferson Township enacted an ordinance governing construction, minimum widths, materials and drainage provisions which had to be met as a condition for acceptance by Jefferson Township of roads to be built by developers. In 1974, the Board of County Commissioners of Green County adopted a subdivision and land de-

velopment ordinance requiring certain drainage and road construction standards for land subdivision developments. Therefore, at that time both the Jefferson Township and the Green County ordinances were in effect. Both Jefferson Township and Green County approved the developers' plan, subject to the ordinances.

The developers failed to comply with the requirements relating to road and street work imposed by the ordinances. The plaintiffs brought an action against the developer and Jefferson Township on the theory that Jefferson Township had a duty to enforce both ordinances.

The *Wilson* court had two issues to address to determine Jefferson Township's liability in that case. First, it had to be determined if Jefferson Township's ordinance was a "subdivision and land development ordinance" as described in the MPC. Second, did Jefferson Township have a duty to enforce the Green County ordinance which was found to be a subdivision and land development ordinance under the MPC. If the Jefferson Township ordinance was a subdivision and land development ordinance under the MPC, an absolute duty to enforce the ordinance is imposed upon Jefferson Township under section 10509 of the MPC.

*Wilson,* however, held that Jefferson Township's ordinance was not an MPC subdivision ordinance. The Jefferson Township ordinance merely provided the standards to be followed when building streets and roads which must be met before Jefferson Township would accept them. The ordinance mentioned nothing about subdividing land or the development thereof.

In ruling upon Jefferson Township's alleged duty to enforce the Green County ordinance, the *Wilson* court, relying on 53 P.S. §10502, provided: "[t]he enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance shall act as a repeal pro tanto of the county subdivision and land development ordinance within the municipality adopting such ordinance." *Wilson,* 86 Pa. Commw. at 516, 485 A.2d at 863. *Wilson* held that since Jefferson Township's road ordinance was not a subdivision ordinance under the MPC, there was no preemption of the Green County subdivision ordinance. The court further held that "until that time when a municipality other than a county enacts its own subdivision ordinance thereby preempting (or repealing pro tanto) the county ordinance, the county's ordinance is in effect and the county has jurisdiction over the land and in turn, the enforcement of its own ordinance. [Jefferson] Township had no duty to enforce [Green] County's ordinance." *Id.* at 517, 485 A.2d at 863.

Liberty Township argues that plaintiffs' complaint in the instant case is the same claim that failed in *Wilson.* Liberty Township contends that Mercer County's Subdivision and Land Development Ordinance controls until Liberty Township adopts its own subdivision plan, which it has not done, therefore, Liberty Township should not be required to enforce Mercer County's ordinance.

MCRPC's first objection to plaintiffs' complaint is identical to Liberty Township's first objection, with the

substitution of MCRPC for Liberty Township. MCRPC argues that it has not enacted its own subdivision and land development ordinance under 53 P.S. §10502(a), therefore, Mercer County is the only entity that had jurisdiction to enforce its ordinance on a plan submitted under its Subdivision and Land Development Ordinance.

In response to Liberty Township's and MCRPC's preliminary objections that they cannot be required to enforce a subdivision ordinance which they did not pass, plaintiffs have filed a preliminary objection in the nature of a demurrer alleging that Liberty Township and MCRPC are required to enforce the subdivision ordinance because they acted jointly with Mercer County under a joint municipal planning commission. Plaintiffs agree with both Liberty Township and MCRPC that Mercer County adopted a qualifying Subdivision and Land Development Ordinance, however, plaintiffs contend that Liberty Township, along with 31 other local governmental bodies, formed MCRPC, which is a joint municipal planning commission pursuant to 53 P.S. §11101 et seq. Therefore, plaintiffs allege that Liberty Township and MCRPC are required to jointly administer the Mercer County Subdivision and Land Development Ordinance.

This court agrees with Liberty Township's analysis of *Wilson* and the fact that until a municipality other than a county enacts its own subdivision ordinance thereby preempting (or repealing pro tanto) the county ordinance, the county's ordinance is in effect and the county has jurisdiction over the land, and in turn, the duty to enforce the ordinance. There is no doubt that the *Wilson*

decision is controlling in 65 out of the 67 counties within the Commonwealth of Pennsylvania. Mercer County, however, is one of only two counties in the Commonwealth of Pennsylvania to adopt a joint municipal planning commission. Therefore, this court must determine whether Liberty Township, along with 31 other local governments, joining with Mercer County to form a joint municipal planning commission, causes Liberty Township to have a duty to enforce Mercer County's subdivision ordinance.

Upon review of the statutory and common law regarding joint municipal planning commissions, it is apparent that this case is a case of first impression. This court, however, finds that it is not necessary to rely upon the statutory law for the establishment of joint municipal planning commissions to render its decision. On January 13, 1983, Liberty Township approved the subdivision plan for the Liberty Gait development, with final approval contingent upon completion of the roads or a bond or letter of surety from a bank in the amount of 110 percent of the bid for road completion. On February 18, 1983, the developer of the Liberty Gait development issued to Liberty Township an irrevocable letter of credit in the amount of $23,500 for the completion of the roads. The MPC provides in pertinent part:

"[I]n lieu of the completion of any improvements required as a condition for the final approval of a plat, including improvements or fees . . . the subdivision and land development ordinance shall provide for the deposit with the municipality of financial security in an amount sufficient to cover the costs of such improvements or

common amenities including, but not limited to, roads, storm water detention and/or retention basins and other related drainage facilities, recreational facilities, open space improvements, or buffer or screen plantings which may be required." 53 P.S. §10509(a). Furthermore, the MPC provides that the municipality may adjust the amount of financial security, or require the developer to post additional security to assure that the security equals said 110 percent. 53 P.S. §10509(f).

In this case, the letter of credit violated the MPC because it failed to secure completion of the roads. The letter of credit expired, by its terms, on August 29, 1983 rather than at the date of completion. The developer never completed the roads and Liberty Township never required the posting of any additional security to guarantee the completion of the roads. Liberty Township accepted the developer's letter of credit on February 18, 1983 and pursuant to the MPC, Liberty Township had a duty to the public to secure the credit to guarantee the completion of the roads in the development. By allowing the letter of credit to expire on August 29, 1983 without guaranteeing the completion of the roads in the Liberty Gait development, Liberty Township breached that duty and is subject to liability. Therefore, Liberty Township's preliminary objection will be overruled and plaintiffs' preliminary objection to Liberty Township's preliminary objection will be sustained.

The duty and potential liability that MCRPC owes to plaintiffs is different than the duty owed by Liberty Township. MCRPC did not accept a letter of credit guaranteeing the completion of the roads in the Liberty Gait de-

velopment, nor does the MPC provide that MCRPC is required to collect such security. Furthermore, neither the MPC, specifically Article XI establishing joint municipal planning commissions, nor the articles of agreement establishing the MCRPC, provide whether MCRPC has a duty to enforce a subdivision ordinance that it did not create.

In this case, Mercer County adopted a subdivision and land development ordinance on December 4, 1958. MCRPC was created on November 15, 1971 pursuant to 53 P.S. §11101 et seq., and is the successor to the Shenango Valley Regional Planning Commission which was created on December 22, 1952. MCRPC's function is to administer the Mercer County Subdivision and Land Development Ordinance and to approve subdivision plans within Mercer County. MCRPC's duties are administrative in nature and neither the MPC nor the articles of agreement creating the MCRPC establish any duties for the MCRPC to enforce subdivision ordinances. Since MCRPC does not have a duty to enforce subdivision ordinances, plaintiffs have failed to state a claim against MCRPC. Therefore, MCRPC's first preliminary objection will be sustained and the complaint as it relates to MCRPC will be dismissed with prejudice. All other preliminary objections brought by MCRPC are now moot.

Liberty Township's second preliminary objection is in the nature of a demurrer and it claims that plaintiffs failed to exercise and exhaust an administrative remedy. Liberty Township claims that plaintiffs failed to file a timely appeal of its refusal to accept the roads under the

Second Class Township Code[1] because this Code provides for the acceptance and dedication of public roads in a township of the second class. Plaintiffs have not addressed this statute in their complaint, and Liberty Township alleges that plaintiffs have not satisfied the requirements of this statute because they failed to file a timely appeal of defendant's refusal to accept the roads under this statute. Therefore, Liberty Township argues that plaintiffs' claims are barred in equity for failure to exercise or exhaust a statutory remedy.

In response to Liberty Township's second preliminary objection, plaintiffs have filed a preliminary objection alleging that there are no administrative remedies that plaintiffs did not exhaust. Plaintiffs allege that they never raised in their complaint any issue under the statute for second class townships relating to roads, streets, bridges and highways, and that statute has nothing to do with anything that is pled in the complaint nor anything to do with the facts of this case. Plaintiffs further allege that even if the statute had relevance, since it is not mentioned in the complaint, it could only, under certain circumstances, be raised by an objector in a new matter pursuant to Pa.R.C.P. 1030.

Plaintiffs allege that 53 P.S. §67301 et seq. says that Liberty Township can, if it wants to, enact an ordinance by which roads are laid out, opened, widened, straightened, vacated, etc. Thereafter, citizens can petition the board of supervisors to open or vacate a road and upon failure of the municipality to act, the citizens can pro-

1. 53 P.S. § 67301 et seq.

ceed into the court of common pleas. There are no aver-
ments that Liberty Township ever enacted such an ordi-
nance; no pleading that any or all of the plaintiffs ever
petitioned the supervisors to open, vacate, or otherwise
effect the road in question; and therefore there was no
proceeding under this statute.

Liberty Township specifically relied upon section
67309 of the Second Class Township Code. Section
67309 provides that "when proceedings have been initi-
ated under this Act for the opening and laying out of any
public road in the township, the road shall be physically
opened for use by the public within a period of five years
after completion of the proceeding." 53 P.S. §67309.
There was never any proceeding, nor is any proceeding
alleged by the objectors, therefore, not only is the statute
irrelevant, even if it were germane, the requirements to
state an objection are not set forth.

Pennsylvania Rule of Civil Procedure 1509(b) regard-
ing actions in equity provides "[t]he objections of laches
and failure to exercise or exhaust a statutory remedy may
be raised by preliminary objection, answer or reply, but
are not waived if not pleaded." Pa.RC.P. 1509(b). There-
fore, this court finds that Liberty Township properly
brought its allegation that plaintiffs failed to exercise or
exhaust a statutory remedy as a preliminary objection.

Although this court finds that Liberty Township's al-
legation that plaintiffs failed to exercise or exhaust a statu-
tory remedy was properly brought as a preliminary ob-
jection, this court, however, finds Liberty Township's
reference to the Second Class Township Code to be ir-
relevant. The Second Class Township Code simply gives

to the board of supervisors of a township the power to enact an ordinance to lay out, widen, straighten, etc., the roads and bridges located wholly or partially within the township.

In this case, Liberty Township never enacted an ordinance to layout, open or construct the roads in the Liberty Gait development pursuant to the Second Class Township Code. The developer was responsible for construction of the roads within the development. Furthermore, there was never any proceeding initiated under the Second Class Township Code in this case.

Plaintiffs are not attempting to require Liberty Township to enforce an ordinance enacted under the Second Class Township Act. Plaintiffs brought this action against Liberty Township, and other defendants, for their failure to enforce the Mercer County Subdivision and Land Development Ordinance against the developer pursuant to the MPC. Hence, the Second Class Township Act is irrelevant and it is not an administrative remedy that plaintiffs failed to exercise or exhaust. Therefore, Liberty Township's preliminary objection will be overruled and plaintiffs' preliminary objection will be sustained.

Liberty Township's third preliminary objection is in the nature of a demurrer and it alleges that plaintiffs' claims for equitable relief are barred by the doctrine of laches. Plaintiffs complain that final approval of the subdivision plan was denied in 1983 and the bond issued by the developer to ensure the completion of the roadways expired on August 29, 1983. Plaintiffs fail to demonstrate a reason why they waited 18 years to bring this suit. Liberty Township alleges that plaintiffs' action, or

inaction, demonstrates a lack of due diligence in pursuing a cause of action and as a result, Liberty Township has been prejudiced. Therefore, Liberty Township alleges that plaintiffs' claims are barred by the doctrine of laches.

Plaintiffs have filed a preliminary objection in response to Liberty Township's preliminary objection that plaintiffs' claims for equitable relief are barred by the doctrine of laches. Plaintiffs assert that if the defense of laches is applicable at all, Liberty Township is applying the wrong standard for laches. Plaintiffs assert that they are bringing a public interest lawsuit in this instance and laches are disfavored because the public's interest and rights are important and should not be compromised or forfeited by the negligent or illegal acts of public officials who fail to carry out their government obligations. Therefore, plaintiffs allege that the doctrine of nullum tempus occurrite reipublicae should apply, and since public rights are at stake in this case, this court should disfavor the defense of laches. Plaintiffs also assert that it would be impossible to make a judicial determination on the application of laches without a factual review.

" 'For laches to apply, there must be a lack of due diligence in pursuing a cause of action and resulting prejudice to the other party. . . . 'The party asserting laches . . . must establish that they are prejudiced by the period of inordinate delay by the other party . . . . 'Moreover, the question of laches is a factual one and is determined by examining the circumstances of each case.' . . . Proof of the elements of laches must be clear on the face of the record. . . . The factual nature of the defense of laches generally requires a hearing." *Sedor v. West Mifflin Area*

*School District,* 713 A.2d 1222, 1225 (Pa. Commw. 1998). (citations omitted) Although the defense of laches may be an applicable defense for Liberty Township, this court lacks sufficient factual information to determine if the elements of that defense have been satisfied. An evidentiary hearing is necessary to rule upon the applicability of the defense of laches. As a result, Liberty Township's preliminary objection will be overruled without prejudice and plaintiffs' preliminary objection will be sustained.

Liberty Township's fourth preliminary objection is in the nature of a demurrer as to plaintiffs' claims based upon the MPC. Plaintiffs allege that Liberty Township violated its duties to plaintiffs under the MPC. Liberty Township, however, asserts that pursuant to 53 P.S. §10515.3(c)[2] no private cause of action is created under the MPC. Accordingly, plaintiffs' alleged claims based upon the MPC fail to state a cause of action upon which relief may be granted.

Plaintiffs filed a preliminary objection in response to Liberty Township's preliminary objection based on 53 P.S. §10515.3(c). Plaintiffs allege that 53 P.S. §10515.3(c) allows a municipality to enforce the MPC against a private individual who violates it, but this section does not grant to any person other than the municipality the right to commence any action for enforcement. Plaintiffs agree with Liberty Township that this section prohibits plain-

---

2. Nothing contained in this section shall be construed or interpreted to grant to any person or entity, other than the municipality, the right to commence any action for enforcement pursuant to this section. 53 P.S. §10515.3(c).

tiffs from bringing a private action against the developer for enforcement under the MPC; however, plaintiffs, in this case, have not filed a private action against the developer.

This court agrees with Liberty Township that this section prohibits any person or entity other than the municipality, to commence any action for enforcement pursuant to this section. This court, however, does not believe that plaintiffs have filed an enforcement action under the MPC, in this case. An enforcement action under the MPC would be any action brought against the developer of the Liberty Gait development for failure to comply with the subdivision ordinance. Plaintiffs have not filed a private action against the developer, to the contrary, plaintiffs brought this action against the municipal defendants for their failure to enforce the subdivision ordinance against the developer. Therefore, this action is not an action for enforcement under the MPC, which is prohibited by 53 P.S. §10515.3(c) and plaintiffs' preliminary objection will be sustained and Liberty Township's preliminary objection will be overruled.

Liberty Township's fifth preliminary objection is in the nature of a demurrer as to the legal sufficiency of plaintiffs' claims of negligence, gross negligence and/or reckless indifference. In their complaint, plaintiffs aver that Liberty Township is liable for plaintiffs' injuries due to the alleged negligence, gross negligence and/or reckless indifference of its supervisors. Liberty Township alleges that pursuant to 42 Pa.C.S. §8541 et seq., the Political Subdivision Tort Claims Act, a local agency is immune from liability for civil damages, with limited

exceptions found at 42 Pa.C.S. §8542(b)1-8. Liberty Township asserts that none of the exceptions found at 42 Pa.C.S. §8542(b)1-8 are applicable with the only arguably applicable exception being the real estate exception at 42 Pa.C.S. §8542(b)(3).[3] Plaintiffs' allegations in their complaint fall outside the real estate exception because the real estate described in the complaint is outside of Liberty Township's care, custody and control. Therefore, Liberty Township asserts that all claims against it sounding in negligence, gross negligence and/or reckless indifference should be dismissed for failure to state a claim against it.

Plaintiffs have filed a preliminary objection to Liberty Township's preliminary objection relating to the sufficiency of plaintiffs' claims for negligence, gross negligence and/or reckless indifference. Plaintiffs contend that this action is grounded in the common law of Pennsylvania which allows citizens to enforce a statute passed for their benefit when governmental bodies fail to do so. Plaintiffs allege that no personal injuries were pled or even inferred, therefore, the Political Subdivision Tort Claims Act has no application because the ac-

_____

3. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: Real property—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include: (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems; (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way; (iii) streets; or (iv) sidewalks. 42 Pa.C.S. §8542(b)(3).

tions described are not a tort. Additionally, plaintiffs allege that even if tort based immunity could be raised, it must, as a matter of law, be raised in a new matter.

Pennsylvania Rule of Civil Procedure 1030 provides in pertinent part "[a]ll affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading of 'New Matter.' " Pa.R.C.P. 1030. Pennsylvania Rule of Civil Procedure 1501 provides "Except as otherwise provided in this chapter, the procedure in an action in equity shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1501. Pennsylvania Rule of Civil Procedure 1509 provides for preliminary objections for actions in equity. Rule 1509 does not provide that the defense of immunity from suit may be brought as a preliminary objection; therefore, the rules relating to a civil action apply and pursuant to Rule 1030 the defense of immunity from suit should be pleaded in a responsive pleading under the heading of New Matter.

In *Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990), the court held: "[t]he affirmative defense of governmental immunity may be raised by preliminary objections in the nature of a demurrer where that defense is apparent on the face of the pleading; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity. Further in the absence of this circumstance, preliminary objections raising the immunity defense may be considered if the opposing party waives the procedural defect." *Id.* at 638, 584 A.2d at 407.

In this case, it is not apparent on the face of the pleading that this cause of action does not fall within any of the exceptions at 42 Pa.C.S. §8542(b)1-8. Furthermore, plaintiffs have not waived this procedural defect. Therefore, Liberty Township should have raised the defense of immunity from suit in a responsive pleading as a new matter, rather than as a preliminary objection. Hence, plaintiffs' preliminary objection will be sustained, and Liberty Township's preliminary objection will be overruled.

Liberty Township's sixth preliminary objection in the nature of a demurrer as to the legal sufficiency of plaintiffs' claims of negligence, gross negligence and/or reckless indifference is brought on behalf of defendants Faull, Gregg and Lindey for acts in their official capacities. In their complaint, plaintiffs aver that defendants Faull, Gregg and Lindey are liable for plaintiffs' injuries due to their alleged negligence, gross negligence and/or reckless indifference. Defendants Faull, Gregg and Lindey allege that, pursuant to 42 Pa.C.S. §8541 et seq., the Political Subdivision Tort Claims Act, employees of a local agency are immune from liability for civil damages, with limited exceptions found at 42 Pa.C.S. §8542(b)1-8. Defendants Faull, Gregg and Lindey assert that none of the exceptions found at 42 Pa.C.S. §8542(b)1-8 are applicable with the only arguably applicable exception being the real estate exception, 42 Pa.C.S. §8542(b)(3).

This sixth preliminary objection brought by defendants Faull, Gregg and Lindey is the same objection as Liberty Township's fifth preliminary objection. As this court

found in its ruling on Liberty Township's fifth preliminary objection, Liberty Township should have raised the defense of immunity from suit in a responsive pleading as a new matter, rather than as a preliminary objection. Hence, plaintiffs' preliminary objection will be sustained, and defendants Faull, Gregg and Lindey's preliminary objection will be overruled.

This court, in ruling upon Liberty Township's second preliminary objection found that there was never any proceeding initiated under the Second Class Township Code in this case. Plaintiffs are not attempting to require Liberty Township to enforce an ordinance enacted pursuant to the Second Class Township Act.

Liberty Township's seventh preliminary objection is for plaintiffs' nonjoinder of a necessary party. Liberty Township asserts that plaintiffs failed to join the developer of the Liberty Gait development, and the developer is a necessary party to this suit. Plaintiffs assert that they can only be made whole by Liberty Township completing the roads in the Liberty Gait development, and that the reason the roads were not accepted by Liberty Township is because they were not built to the proper specifications. Plaintiffs, however, have not sued the developer nor have they explained why they could not be made whole by an award of monetary damages from the developer who failed to build the roads without conformity to Liberty Township's specifications.

Liberty Township asserts that a lack of a full and adequate legal remedy is a requirement to a complaint in equity and an award of monetary damages from the developer would allow plaintiffs to have the road rebuilt in

conformity with Liberty Township's specifications. Therefore, Liberty Township requests that plaintiffs be required to either join the developer as a necessary party or certify this case for the law side of the docket.

Plaintiffs have filed a preliminary objection to Liberty Township's preliminary objection relating to the nonjoiner of a necessary party. Plaintiffs assert that Liberty Township's preliminary objection entirely mixes up an indispensable party with Liberty Township's right to join the developer. Furthermore, pursuant to 53 P.S. §10515.3(c), plaintiffs are statutorily precluded from initiating a lawsuit against the developer under the MPC. Therefore, the developer cannot be an indispensable party and plaintiffs cannot institute an action against the developer. Liberty Township has a right against the developer pursuant to 53 P.S. §10511 and the common law, however, it is up to them to assert that right.

Liberty Township alleges that plaintiffs failed to join the developer of the Liberty Gait development, who is a necessary party to this action. Liberty Township also alleges that this court does not have equity jurisdiction because plaintiffs have a full and adequate remedy at law against the developer. "[A] court of equity lacks jurisdiction to entertain a cause of action for which there exists a full, complete and adequate remedy at law." *Tulio v. Commonwealth, State Horse Racing Commission,* 79 Pa. Commw. 305, 308, 470 A.2d 645, 647 (1984).

Liberty Township does not allege, and the record does not contain, any information about the developer other than his identity. Although plaintiffs may have an adequate legal remedy in this case, neither Liberty Town-

ship nor the record provide this court with sufficient factual information to rule upon whether any action at law against the developer would be adequate. This court could not determine such without an evidentiary hearing. Furthermore, pursuant to Pa.R.C.P. 1030 the defense of collateral estoppel shall be pleaded in a responsive pleading under the heading "New Matter." Pa.R.C.P. 1030. Liberty Township's preliminary objection will be overruled and plaintiffs' preliminary objection will be sustained.

Hence, this order:

## ORDER

And now, September 24, 2001, it is hereby ordered that defendant Mercer County Regional Planning Commission's first preliminary objection in the nature of a demurrer is sustained and the complaint as to it is dismissed with prejudice.

It is further ordered that defendant Liberty Township's and its supervisors' preliminary objections are overruled.