## Henry v. City of Philadelphia, 'Appellant.

*Negligence — Proximate cause — Hole in street — Breaking of wagon axle—Injury to pedestrian by being struck by wagon wheel.*

The question, whether a hole in a city street was the proximate cause of injury to a pedestrian caused by being struck by a wagon wheel, which broke off the axle and rolled upon the sidewalk, when the wagon struck the hole in the street, is for the jury.

Argued Jan. 24, 1919. Appeal, No. 65, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1915, No. 3943, on a verdict for plaintiff in case of Sarah Q. Henry, Administratrix of the Estate of John J. Henry, deceased, v. City of Philadelphia. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries to plaintiff's husband. Before SHOEMAKER, J.

From the record it appears that at the intersection of Twenty-seventh and Federal streets, in the City of Philadelphia, there was a large hole or break in the street paving along the street and track some six or eight feet in length, and about three or four feet in width, and eight or ten inches in depth, which had existed for some time previous to the accident. In consequence of a riot call to the police station of the City of Philadelphia, a police patrol wagon driven rapidly, proceeded westward on the north side of Federal street; the horses and front wheel of the wagon passed over the street car track and when the rear wheels of the patrol wagon struck the east track the axle of the wagon broke, the right rear wheel of the wagon was detached from the axle of the wagon and was projected forward for a distance of about 100 feet, when it struck the curb and rolled upon the sidewalk and hit John J. Henry in the back, throwing him to the ground, and causing the injuries for which this suit was instituted.

Verdict for plaintiff in the sum of $7,457 and judgment entered thereon.

The court overruled defendant's motion for judgment n. o. v.

*Errors assigned* were the refusal of defendant's motion for judgment n. o. v., and answers to points.

*Harry T. Kingston*, Assistant City Solicitor, with him *John P. Connelly*, City Solicitor, and *Harry S. Platowsky*, Assistant City Solicitor, for appellant.—The city is not liable for injuries caused by the negligent driving of a fire engine or patrol wagon by an employee while in the discharge of a public duty: Freeman v. Phila., 7 W. N. C. 45; Rosenberry v. Phila., 7 W. N. C. 558; Knight v. Phila., 15 W. N. C. 307; Elliott v. Phila., 75 Pa. 347; Boyd v. Ins. Patrol of Phila., 113 Pa. 269.

The proximate cause of the accident was the breaking of the axle and detachment of the wheel caused by the negligent driving of the wagon: Marble v. City of Worcester, 4 Gray 395; Moulton v. Snadford, 51 Maine 127.

To render a municipality liable for an injury by a defect in the highway it must have been the sole and efficient cause of the injury: Chartiers Twp. v. Phillips, 122 Pa. 601; Thubron v. Dravo Contracting Co., 238 Pa. 443; Bruggeman et al. v. City of York, 259 Pa. 94.

*John Martin Doyle*, with him *Eugene Raymond*, for appellee, were not heard.

PER CURIAM, February 17, 1919:

This case was for the jury, who were correctly instructed by the learned trial judge that the plaintiff could not recover unless they found that the proximate cause of the accident which resulted in the injuries to her decedent was the hole in the street. They so found, and the assignments of error must be dismissed.

Judgment affirmed.