461 A.2d 625

Selma ISAACSON and Theodore Isaacson

v.

MOBIL PROPANE CORPORATION, and Theodore Isaacson, Supreme Food Service Company, Lester Stark, City of Philadelphia, General Motors Corporation, Custom Sales and Service, Inc., Manchester Tank and Equipment Company of Georgia.

Appeal of MOBIL PROPANE CORPORATION.

Lester STARK

v.

MOBIL PROPANE CORPORATION, Selma Isaacson, Theodore Isaacson, Supreme Food Service Company, City of Philadelphia, General Motors Service, Inc., Manchester Tank and Equipment Company of Georgia.

Appeal of MOBIL PROPANE CORPORATION.

Superior Court of Pennsylvania.

Argued Sept. 29, 1982.

Filed June 3, 1983.

44

Robert S. Forster, Jr., Philadelphia, for appellant.

Denise Rae Scott, Assistant City Solicitor, Philadelphia, for appellees.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

This is an appeal from summary judgment entered in a suit which arose out of an explosion at the place of business of Selma and Theodore Isaacson.

Theodore and Selma Isaacson ran a food service business in the City of Philadelphia. Their employees drove food trucks which made regular stops each day during breakfast and lunch hours. Each truck had a propane gas system which provided hot water for coffee. The Isaacsons operated their business out of a rented garage. On June 21, 1973, Lester Stark, who drove one of the Isaacsons' trucks, made his usual round selling food. At about 1:30 in the afternoon he had the propane tanks on the truck filled at Mobil Propane and returned to the garage. Before he left for the day, Stark turned on the propane pilot on his truck, to insure an adequate supply of hot water for making coffee the next day. As it happened, Lester Stark, the Isaacsons and their daughter Linda left the garage at the same time that day. There was an explosion, Theodore Isaacson was momentarily unconscious, Selma Isaacson was seriously injured by falling debris and Lester Stark was burned on the face and arms.

On November 12, 1974, the Isaacsons filed a complaint in trespass against Mobil Propane Corporation, appellant herein, alleging that Mobil Propane's negligence in filling the tank caused the explosion. An assumpsit suit against Mobil

Propane was brought by Lester Stark on August 28, 1975 to recover for injuries he suffered in the same explosion. These two cases were consolidated for the purpose of this appeal.

Mobil Propane joined the City of Philadelphia (hereinafter City) alleging that the City inspected, regulated or licensed or that the City had a duty to inspect, regulate or license the trucks and premises of the Isaacsons' business.

Discovery was conducted. The City thereafter filed a motion for summary judgment against plaintiffs, defendant and various co-defendants; Mobil Propane was the only party who opposed the motion. The Honorable Murray C. Goldman granted summary judgment in favor of the City against plaintiffs, defendant and co-defendants on December 16, 1980 and Mobil Propane's appeal timely followed.

■ Mobil Propane's first issue is:

Does a genuine issue of material fact exist as to whether or not appellee was obligated to inspect completely the trucks and garage and facilities of Plaintiffs, including the propane systems and the use and storage of propane?

Mobil Propane argues that the lower court incorrectly ruled that the City inspected the Isaacsons' trucks merely for the purpose of sanitation and that the City therefore had no duty to inspect the propane systems on the Isaacsons' trucks. "Appellant maintains that the inspections actually undertaken by [the City] were more extensive ... and therefore, at least a question of material fact exists as to whether or not [the City] was obligated to inspect the propane system on the Isaacsons' trucks." Brief for Appellant at 14.

We are mindful that:

Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Furthermore, summary

judgment is only proper in cases which are clear and free from doubt as to the existence of a disputed factual question. In ruling on a motion for summary judgment the court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom. The record as a whole should be examined in the light most favorable to the party opposing the motion and all doubts as to the existence of a genuine issue about a material fact must be resolved in that party's favor, that is, against the entry of summary judgment. In disposing of such a motion the court's function is not to decide issues of fact, but solely to determine whether there are material issues of fact to be decided.

*Community Medical Services v. Local 2665,* 292 Pa.Super. 238, 242, 437 A.2d 23, 25 (1981) (citations omitted). See also, *Woytek v. Benjamin Coal Co.,* 300 Pa.Super. 397, 446 A.2d 914 (1982). In this case, however, we believe that summary judgment was correctly granted.

At a deposition Theodore Isaacson testified that the City inspected both the food trucks and the garage where they were housed. He stated that the City conducted unannounced spot checks of the trucks; as he put it "Well, they were interested in cleanliness, the temperature of the perishables, they made sure there was hot water." Reproduced Record at 115a. "Now, in the building itself, they were more particular. The floors had to be clean, trash receptacles had to have covers; toilet facilities, kitchen— sanitary conditions; the people handling the food—x-rays, hairnets etc., etc." Yet when Theodore Isaacson was asked whether any of the City's inspectors discussed the propane system on the trucks his reply was "No." Reproduced Record at 116a.

Mobil Propane argues that the extent of an inspection is a question of fact and that Theodore Isaacson's testimony raised a genuine issue of fact as to whether the City was obligated to inspect the propane systems. The lower court

correctly rejected this view, noting that "the uncontradicted depositions of the plaintiffs clearly showed that the City inspected the Isaacsons' trucks and facilities only for the limited purpose of checking sanitation." Lower ct. op. at 5.

The second Restatement of Torts summarizes the duty imposed upon one who renders a service:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

In this case, the evidence relied upon by Mobil Propane shows that the service rendered by the City was conducting sanitary inspections of the Isaacsons' business. Yet this service was not undertaken for the Isaacsons nor was it necessary to protect the Isaacsons' business: the inspections were undertaken to insure the wholesomeness of food offered for sale to the public. The evidence clearly shows that the City did not inspect the propane system and that it had no duty to do so. On this issue, summary judgment in the City's favor was correctly granted in the Isaacson suit.

A similar analysis of the Restatement leads to the same conclusion in Stark's suit. Section 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A.

Again, the evidence cited by Mobil Propane shows that the City inspected the Isaacsons' truck and garage to check sanitation. There was no evidence to support Mobil Propane's contention that these sanitation inspections required the City to inspect propane systems. Thus summary judgment was also correctly granted in Stark's suit.

Mobil Propane's second issue is:

Does a genuine issue of material fact exist as to whether or not appellee properly discharged [its] duty to inspect completely the trucks and garage and facilities of Plaintiffs, including the propane systems and the use and storage of propane?

Mobil Propane "maintains that [the City] had assumed the duty of inspecting the propane systems and the use and storage of propane through its extensive inspection of the Isaacsons' trucks and facilities and its stated interest in the public health and safety." Brief for Appellant at 21. Its contention is not, however, supported by the record. Mobil Propane directs our attention to Theodore Isaacson's testimony about the City's sanitary inspections but does not direct us to any evidence of inspections of the propane system. This argument is without merit.

■ Mobil Propane's third, and final, argument is:

Does a genuine issue of material fact exist as to whether or not appellee's fire truck ran over Selma Isaacson?

Mobil Propane argues that there is a genuine issue of material fact as to whether a City fire truck ran over Selma Isaacson's legs after the explosion. In support of this argument Mobil Propane produced a hospital emergency room record of Selma Isaacson's admission. According to Mobil Propane this emergency room record states:

patient was in a garage when a propane gas tank exploded causing a cinderblock wall to fall on her lower back. While unconscious a fire truck ran over her, the tires running over her thighs. She was then brought to the ER with numerous fractures...

Brief for Appellant at 23.

The lower court granted summary judgment in the City's favor despite the existence of this history because the history "constitutes double hearsay (i.e. the original statement and its recordation in the history) that is irremediably inadmissible." Lower ct. op. at 13. Mobil Propane argues that the statement in the hospital record is admissible under the business records exception to the hearsay rule and Rule 803(6) of the Federal Rules of Evidence.

 A medical report is admissible under the business records exception to the hearsay rule if the report: (1) was made contemporaneously with the events it purports to relate, (2) at the time the report was prepared, it was impossible to anticipate reasons which might arise in the future for making a false entry in the original, and (3) the person responsible for the statements contained in the report is known. *See, e.g., Sauro v. Shea,* 257 Pa.Super. 87, 99 n. 4, 390 A.2d 259, 265 n. 4 (1978). Mobil Propane argues that because the report in question was made shortly after the explosion by an emergency room physician who had no reason to falsify the report all of the requirements for admissibility are met.

On the other hand, the City contends that the record was not made contemporaneously with the events that took place after the explosion and that because of the delay in preparing the report it was possible to anticipate reasons why a false entry might be made. The City also argues that because the identity of the person responsible for making the recorded statement is unknown, the third element of the admissibility test is not satisfied.

To rebut the City's argument Mobil Propane cites *Fauceglia v. Harry,* 409 Pa. 155, 185 A.2d 598 (1962). The

plaintiff in *Fauceglia, supra,* sought recovery of damages for injuries to his back allegedly suffered in an automobile accident and denied having had back trouble during military service. In fact, records from a Veterans Administration hospital indicated that Fauceglia had complained of back pain. The Supreme Court of Pennsylvania held that the records were admissible even though the identity of the person making the record was not known.

*Fauceglia, supra,* is, however, inapposite.[1] In *Fauceglia, supra,* the identity of the serviceman who made the record was not known but the identity of the person supplying the information was known; Fauceglia himself was the source of the statements. In the case before us, Mobil Propane asserts that the identity of the physician who made the record is known. Nevertheless, the identity of the person supplying the information to the physician is not known. The *Fauceglia* court believed that since Fauceglia was supplying the information to military personnel under a duty to record such information the records were trustworthy. There is a complete absence of any such indicia of trustworthiness in this case for no one knows who supplied the information concerning the alleged incident to the treating physician. "The problem is, however, that no party to the action nor any other person responsible for the hospital entries in question is known to have given the information on which the histories were based. See *Fauceglia v. Harry,* 409 Pa. 155, 185 A.2d 598 (1962)." *Incollingo v. Ewing,* 444 Pa. 263, 279, 282 A.2d 206, 215 (1971).

Moreover, in *Fauceglia, supra,* the court noted that the records were only offered to prove that Fauceglia complained of back pain, not that Fauceglia actually suffered back pain. *Fauceglia, supra* 409 Pa. at 161, 185 A.2d at

---

1. Nor is the case of *Myers v. Genis,* 235 Pa.Super. 531, 344 A.2d 691 (1975) dispositive of this case. In *Myers* this court decided that medical records containing the opinions and diagnoses of a deceased physician were admissible; the identity of the person who supplied the information to the physician was also known. In the case at bar, however, no one states who told the emergency room physician that a fire truck ran over Selma Isaacson.

602. Mobil Propane seeks to use the statement from the hospital record to show that there is a genuine issue of material fact, i.e., that a fire truck ran over Selma Isaacson's legs. Therefore, the lower court correctly decided that the statement was inadmissible.[2]

If the hospital report is excluded, nothing supports Mobil Propane's claim that there is a genuine issue of material fact as to whether Selma Isaacson was run over by a fire truck. The victim herself denied making a statement that she was run over by a truck. Both Theodore Isaacson and Lester Stark gave evidence that a fire truck could not have gotten near Selma Isaacson because of debris. The lower court did not abuse its discretion in granting summary judgment in favor of the City on this issue.

Orders affirmed.

SPAETH, J., did not participate in the decision or consideration of this case.

2. According to Mobil Propane the statement in the hospital record also qualifies for admission under Rule 803(6) of the Federal Rules of Evidence. The Federal Rule provides:

Rule 803. Hearsay exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule ...

**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

In the case at bar the requirements of the Federal Rule are not met. The identity of the individual who gave the emergency room physician the recorded information is not known, and thus there is no way to determine whether the report contains "information transmitted by, a person with knowledge," nor to determine the trustworthiness of the source of information. Federal Rule of Evidence 803(6) does not, therefore, make the hospital record admissible. In any event, we are not bound by Federal rules of evidence.