514 A.2d 304

Frank Marlowe, Appellant *v.* Lehigh Township, Appellee.

Argued May 12, 1986, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Margaret Gilligan Hinga,* with her, *Richard J. Orloski, Calnan & Orloski, P.C.,* for appellant.

*Michael P. Shay,* with him, *Richard E. Santee, Jr., Shay & Santee,* for appellee.

OPINION BY SENIOR JUDGE KALISH, August 29, 1986:

Frank Marlowe appeals from an order of the Court of Common Pleas of Northampton County, which denied his motion for a new trial. We vacate, and remand this case to the trial court.

Marlowe owned a home at the dead end of Third Street, onto which large amounts of water collected, as a result of runoff from Third Street. He granted an easement to the appellee, Lehigh Township, to construct a drainage system over his property. The system did not work as contemplated, and Marlowe was injured when he fell as he walked in the area.

Marlowe brought this action against the Township, alleging damage to the land and personal injuries to his

head and back. His trial was bifurcated as to liability and damages. Months elapsed between the trial of the phases, and each was heard by a different jury because of the judge's illness. After the liability jury trial, the trial court ruled that Marlowe did not have a claim for personal injuries. Also, Marlowe sought to amend his claim to seek an award for delay damages. This was disallowed by the court. At the damage trial, the jury awarded Marlowe damages of $400.

Marlowe contends that the trial court erred in denying his motion for a new trial. He argues that the trial court was in error in striking his personal injury claim. He also argues that the trial court failed to correctly instruct the jury on the measure of damages, and that the trial court erred in precluding his claim for delay damages. Lastly, he contends that the trial court erred in permitting his real estate agent to testify against him.

As to the personal injury claim, the record shows that Marlowe's doctor failed to show a causal connection. The doctor was unable to say unequivocally that his injuries were caused by the fall. If no obvious causal relationship exists between the accident and the injury complained of, unequivocal medical testimony is necessary to establish the causal connection. *Albert v. Alter,* 252 Pa. Superior Ct. 203, 381 A.2d 459 (1977). Therefore, the trial court correctly ruled that Marlowe failed to present a claim for personal injuries.

In *Wade v. S.J. Groves & Sons Co.,* 283 Pa. Superior Ct. 464, 483, 424 A.2d 902, 911 (1981), the court set forth the measure of damages as it pertains to injury to property:

> [T]he measure of damages for injury to property is the cost of repairs where that injury is reparable; however, where the injury is characterized as permanent, the measure of damages becomes the decrease in the fair market value of the property.

Here, the record shows that in its charge to the jury, the trial court said:

> The law in the Commonwealth is that the measure of damages for injury to property under these circumstances is the cost of repairs where the injury is reparable. However, where the injury is characterized as permanent, the measure of damages is different and the measure of damages becomes the decrease in the fair market value of the property.

> If you find, by a preponderance of the evidence, that the injury was partially reparable and partially permanent, then you are permitted to allow damages for the cost of repairs in addition to the reduction in the fair market value of the property, if you find such a reduction.

Thus, the court's charge was consistent with the law as set forth in the *Wade* case.

Pa. R.C.P. No. 238 provides for damages for delay in an action for bodily injury, death or property damage. In *Dean Witter Reynolds, Inc. v. Genteel,* 346 Pa. Superior Ct. 336, 499 A.2d 637 (1985), it was held that the purpose of the Rule was to provide that all damages for delay in tort actions shall be governed by the provisions of Rule 238, and, upon request, shall be fixed by the court and not by the jury, and shall be fixed at ten percent.

Recovery under Rule 238 precludes recovery for common law delay damages as provided for an unintentional destruction of property in *Marrazzo v. Scranton Nehi Bottling Co.,* 438 Pa. 72, 263 A.2d 336 (1970), since there can be no duplication of damages. *Robert Wooler Co. v. Fidelity Bank,* 330 Pa. Superior Ct. 523, 479 A.2d 1027 (1984).

Marlowe did not seek delay damages until after the determination of liability, and sought to amend his

claim for such damages at the time he sought a new trial. This amendment was denied. Amendments are liberally construed and are within the discretion of the court. Since damages for delay are now fixed by the court and not the jury, it would not be prejudicial to allow such amendment.

Lastly, the trial court did not err in permitting Marlowe's real estate agent to testify against him. There is no statutorily-prescribed confidential relationship between a realtor and a client.

Having determined that the trial court erred in not permitting Marlowe to amend his claim to seek delay damages, we will vacate the trial court's order, and remand this case with directions that Marlowe be permitted to amend his claim in order to seek delay damages.

ORDER

NOW, August 29, 1986, the order of the Court of Common Pleas of Northampton County, No. 354 Jan. Term, 1978, dated July 29, 1985, denying appellant's motion for a new trial, is vacated. This case is remanded to the Court of Common Pleas of Northampton County with directions that appellant be permitted to amend his claim in order to seek delay damages.