527 A.2d 204

Samuel Farnell and Rosemary Farnell, h/w *v.* Winterloch Corporation and Edward Savastio, Esquire and Township of Nether Providence and Paul D. Nelson, Esquire. Township of Nether Providence, Appellant.

Argued December 10, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Kristine F. Hughey,* for appellant.

*Michael P. Dignazio,* for appellee.

OPINION BY JUDGE BARRY, June 12, 1987:

The Township of Nether Providence (Township) appeals from a judgment of the Court of Common Pleas of Delaware County, which was entered in favor of Samuel and Rosemary Farnell (the Farnells) on November 18, 1983, for damages caused to the Farnells' property (Lot 23) by soil erosion. A joint and several verdict was entered against the developer, the Winterloch Corporation (Winterloch), for failure to develop Lot 23 in accordance with either approved plans or the Township's erosion control ordinance (Ordinance 478) and against the Township for failure to enforce Ordinance 478.

This matter was heard initially before a board of arbitrators, which entered an award of $14,000.00 in favor of the Farnells and against the Township and Winterloch. Both losing parties appealed to the court of common pleas. The Township then filed a motion for summary judgment and the Farnells filed a cross motion. Summary judgment on the issue of liability only was awarded against both defendants on July 23, 1982, by the court of common pleas. A non-jury trial limited to the issue of damages was then held before a judge different than the one who determined the liability issue and the amount of $26,073.04 was awarded to the Farnells. A motion for delay damages was subsequently granted, bringing the ultimate award to $31,327.92. Winterloch agreed to an amicable entry of judgment and is no longer a party to this litigation. The Township filed exceptions which were dismissed on October 21, 1983.

Argument on this case was held before a panel consisting of Judge MacPhail, Judge Doyle and Senior Judge Kalish in December of 1985. We sua sponte ordered reargument before the court en banc which was held in December of 1986. The matter is now ready for our disposition.

The Township makes a number of arguments, all of which are inter-related. The Township alleges that the trial court erred in granting summary judgment in favor of the Farnells on the question of liability. According to this argument, summary judgment should have either been granted in the Township's favor because it owed no duty to the Farnells *or* denied because of the existence of disputed facts. We believe the Township did owe a duty to the Farnells, but our reasoning on this point is different than that employed by the trial court. Because of the duty owed, the trial court did not err in refusing to grant summary judgment in the Township's favor. We do agree, however, that certain relevant factual disputes were extant and, as a result, summary judgment was mistakenly granted. Accordingly, we vacate and remand for trial so these factual disputes may properly be resolved.

On September 11, 1975, the Township approved the subdivision plans of Winterloch and; on March 23, 1976, these plans were recorded.[1] On December 23, 1976, Ordinance 478, dealing with soil erosion, was enacted, effective immediately. On August 10, 1977, the township inspector issued a building permit for the construction by Winterloch of one house. The following month, September, 1977, the Farnells asked the Town-

---

[1] This approval could only have been a tentative approval. Work had not yet begun implementing the plan. In addition there were no conditions imposed, not was there a public hearing prior to the recording.

ship for the approval of a drainage plan. On February 24, 1978, the Township wrote to the Farnells, advising them that no more houses were to be occupied unless and until the drainage plan for the entire project, which was requested in September, 1977, was renewed, reviewed and approved. The developer had changed the plans as originally filed. The changes included the structure of the houses, grading and lot lines. An "as built" plan was subsequently filed by the developer.

We must remember that the events under review in this case all occurred prior to the effective date of the Political Subdivision Tort Claims Act, 42 Pa. C. S. §§8541-8564. When this cause of action arose, it was permissible to sue a municipality *for the negligent furnishing of services,* the basis of the Farnells' claim for liability. It is not one of interfering with the discretionary policy of the administrative branch of the municipality. Rather, it is the *negligent implementation* of that policy—not one seeking the grant of final approval or a permit, but one alleging the negligent implementation of an approved plan.

The trial court, in deciding the motion for summary judgment against the Township, ruled that Ordinance 478 created a duty which required the Township to inspect Winterloch's work on the Farnells' property. The Township strenuously objected to such use of the provisions of Ordinance 478, arguing that the trial court erred by giving retroactive application to Ordinance 478, in that the Township approved Winterloch's subdivision plans prior to the effective date of the ordinance. While this argument poses an interesting question of law, we do not believe that question need be resolved to decide this case.

At the time the Township approved the plans submitted by Winterloch, there was in effect Ordinance 270, a subdivision ordinance pertaining to land development, calling, inter alia, for the construction, in such

development, of *storm sewers and related improvements and facilities*. Also in effect at the time was the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202, which pertains to planned residential developments.

In their complaint, the Farnells alleged that the Township failed to properly inspect and monitor the subdivision and grading plan and, thus, allowed the construction company to construct a house at variance with the plan approved by the Township on September 11, 1975. The complaint further alleged that it was necessary to erect a retaining wall to prevent further land damage. Subsequently, cross motions for summary judgment on the issue of liability were filed.

In order to constitute a cause of action in trespass for negligence against the Township, there must exist a duty owed to the Farnells. In *Safford v. Board of Commissioners, Annville Township,* 35 Pa. Commonwealth Ct. 631, 637, 387 A.2d 177 (1978), this Court said, "Section 511 of the MPC, 53 P.S. §10511, gave and still gives the municipality the power to enforce the developer's obligation to complete improvements required by its regulations." In *Wilson v. Jefferson Township,* 86 Pa. Commonwealth Ct. 511, 515, 485 A.2d 861, 863 (1984), this Court said, "[i]f the Township ordinance is a subdivision ordinance under the MPC, an *absolute duty* to enforce the ordinance is imposed upon the Township under section 10509 of the MPC." (Emphasis added.)

In the stipulation of facts filed pursuant to the motion for summary judgment, it was agreed that no Township personnel supervised or monitored the development to verify whether the grading was in technical conformity with the approved plans or Ordinance 478. The parties further stipulated that, as a result, the real property has been damaged due to soil erosion.

A motion for summary judgment may be granted only if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mariscotti v. Tinari,* 335 Pa. Superior Ct. 599, 485 A.2d 56 (1984). The record must be examined in a light most favorable to the nonmoving party and all doubts must be resolved against the moving party. *Id.*

A review of the record and the stipulation of facts shows that for some time soil erosion and water damage occurred to the point where it became necessary to construct a retaining wall. A duty may be breached by a failure to act, as well as by an unreasonable action. If the municipality knew, or should have known, of this condition, failure to take steps to abate such condition may constitute negligence. These are substantial factors to be considered in whether there was a violation of that duty.

Moreover, the municipality assumes a common law duty as embodied in section 324A of the Restatement (Second) of Torts, (1965), which has been adopted in Pennsylvania. *Cantwell v. Allegheny County,* 506 Pa. 35, 483 A.2d 1350 (1984). "In order to state a cause of action under §324A, a complaint must contain factual allegations sufficient to establish the legal requirement that the defendant has undertaken to render services to another which he should recognize as necessary for the protection of a third person." *Id.* at 41, 483 A.2d at 1353.

Furthermore, in order to hold the municipality liable, it is not enough to show negligence. It must be shown that the negligence was the proximate cause of the harm, *i.e.,* a substantial factor in causing the harm. Questions of causation in an action for negligence are not properly answerable in a motion for summary judgment. *McGinty v. St. Agnes Hospital,* 11 Pa. D. & C. 3rd 88 (1979). Clearly, these raise questions of fact. It is

the function of the jury to determine whether an actor's conduct has been a substantial factor in causing harm, unless the evidence clearly establishes the causal connection. *Helmick v. South Union Township*, 323 Pa. 433, 185 A. 609 (1936).

In their motion for summary judgment, the Farnells stated that the question of liability turned on the applicability of Ordinance 478. We do not believe this statement precludes the trial court from considering whether liability can attach to the Township because of its failure to monitor construction and discover that Winterloch was not following the approved plans. An agreed statement of facts can be the basis for summary judgment. It can be treated as an admission on file. *Donegal Mutual Insurance Co. v. Transamerica Insurance Co.*, 62 Pa. D. & C. 2d 374 (1973). However, in its determination of whether summary judgment should issue, the trial court is concerned only with the facts which are part of the record, not conclusions of law.

Finally, the Township argues that the court erred in concluding that the Township and Winterloch were joint tortfeasors, citing *Lasprogata v. Qualls*, 263 Pa. Superior Ct. 174, 397 A.2d 803 (1979). Joint tortfeasors are defined as "[t]hose who act together in committing wrong, or whose acts if independent of each other, unite in causing single injury." *Black's Law Dictionary*, 5th Ed. (1979) at 753. *Accord Wade v. S. J. Groves & Sons Co.*, 283 Pa. Superior Ct. 464, 424 A.2d 902 (1981). Here, there is but one injury, that caused by soil erosion. Furthermore, the Township's reliance on *Lasprogata* is misplaced. The question there was whether a driver causing an accident and a doctor giving improper treatment to one injured therein were joint tortfeasors. The court held they were not because the doctor's actions *aggravated* the original injury, thereby, in effect, causing a new injury. Presently, there is one, and only one, injury.

ORDER

Now, June 12, 1987, the order of the Court of Common Pleas of Delaware County, at Civil Division No. 79-489, dated November 18, 1983, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

———

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent.

The majority relies upon our decision in *Safford v. Board of Commissioners, Annville Township,* 35 Pa. Commonwealth Ct. 631, 387 A.2d 177 (1978) to hold that Section 509 of the MPC imposes upon a municipality a strict statutory duty to enforce the requirements of the municipality's subdivision and land development ordinances. *Safford,* however, is wholly inapposite, as that case deals with a township's responsibility for completion of public improvements where the township has failed to obtain performance guarantees from the developer as required by township ordinance. As was stated in that case, and as is noted by the majority here, "Section 511 of the MPC . . . gave and still gives the municipality the power to enforce the developer's obligation to complete improvements required by its regulation." *Id.* at 637, 387 A.2d at 180. The duty imposed upon a municipality by Sections 509 and 511 is that of ensuring that developers complete subdivision improvements in accordance with the municipality's ordinances. The Township here has met its duty under Sections 509 and 511, in a manner specifically allowed by Sections 509 and 511, by having Winterloch post an improvement bond. The majority seeks to impose a duty upon the Township that would exceed any imposed by Sections 509 and 511, as the Farnells seek not the

completion of improvements, but rather, damages for injury to their property.

Furthermore, the Farnells have failed to state a cause of action under the Restatement (Second) of Torts, §324A (1965). In order to state a common-law cause of action grounded upon negligence, the following elements must generally be shown:

> 1. *A duty, or obligation, recognized by the law,* requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A failure on the person's part to conform to the standard required: a breach of duty.
>
> 3. A reasonably close causal connection between the conduct and the resulting injury.
>
> 4. Actual loss or damage resulting to the interest of another.

W. Prosser and W. P. Keeton, Law of Torts §30 (5th ed. 1984) (emphasis added); *Macina v. McAdams,* 280 Pa. Superior Ct. 115, 421 A.2d 432 (1980). The Township here owes no duty to the Farnells for three reasons. First, the scope of any duty imposed by Sections 509 and 511 of the MPC was not as great as that necessary to impose liability under Section 324A of the Restatement (Second) of Torts and, in any event, was satisfied by the Township when it had Winterloch post a performance bond. Second, even assuming *arguendo* that Sections 509 and 511 did impose upon the Township a duty to inspect Winterloch's work, such duty only arose when the developer submitted his subdivision plat for final approval. Here, suit was commenced prior to Winterloch's submission of the plat and, consequently, the Township owed no duty to the Farnells at that time. Last, and most important, assuming that Sections 509 and 511 did impose upon the Township a duty to inspect continuously and monitor Winterloch's

development, there still would be no liability. Any inspection rendered pursuant to these two sections would be a service rendered on behalf of the government for the benefit of the government and the public at large, and not for the benefit of Winterloch and/or the Farnells. Therefore, the Township owed no duty to the Farnells to inspect. *Isaacson v. Mobil Propane Corp.,* 315 Pa. Superior Ct. 42, 461 A.2d 625 (1983); *see also McCreary v. United States,* 488 F. Supp. 538 (W.D. Pa. 1980) (applying Pennsylvania law).

I would remand the case to the trial court with direction to enter judgment in favor of the Township.

Judge PALLADINO joins in this dissent.