551 A.2d 409

Shippen Township, Appellant *v.* Portage Township, Appellee.

Argued November 1, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Vernon D. Roof, Pontzer & Roof,* for appellant.

*Joseph J. Malizia,* with him, *Paul J. Malizia, Malizia & Malizia, P.C.,* for appellee.

OPINION BY SENIOR JUDGE NARICK, December 21, 1988:

This is an appeal by Shippen Township (Shippen) from an $18,801.20 verdict of the Court of Common Pleas of Cameron County rendered against Shippen and in favor of Portage Township (Portage). For the reasons set forth herein, we vacate and remand.

The parties are in agreement as to the following facts. On February 16, 1984, a Shippen garbage truck weighing approximately 12½ tons sank into a depression which was directly over what has been referred to as a bridge, said bridge located in Portage. This bridge

consisted of two sixty-inch pipes or culverts which crossed underneath the roadway. The posted weight limit for the bridge was five tons. Portage thereafter filed a negligence action against Shippen for damages allegedly caused by the Shippen truck to the bridge.

There are two issues presented for our resolution on appeal: (1) whether the negligence of Shippen was a substantial factor in causing damage to the Portage bridge and (2) whether the trial court's reliance on *Commonwealth v. Estate of Crea*, 92 Pa. Commonwealth Ct. 242, 483 A.2d 996 (1977) in its calculation of damages was proper.

Initially, we note that our scope of review is confined to a determination of whether the trial court based its findings of fact on substantial evidence or committed an error of law. *Hando v. Commonwealth*, 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984). Thus, the trial court serving as factfinder is responsible for making credibility determinations and resolving testimonial conflicts. *Id. Also see Miller v. C. P. Centers, Inc.*, 334 Pa. Superior Ct. 623, 483 A.2d 912 (1984).

As to the first issue raised by Shippen, in order to hold a municipality liable it is not enough to show negligence. It must be shown that the negligence was the proximate cause of the harm, or stated another way, a substantial factor in causing the harm. *Farnell v. Winterloch Corp.*, 106 Pa. Commonwealth Ct. 542, 527 A.2d 204 (1987). Unless the evidence clearly establishes the causal connection, it is the duty of the factfinder (the trial court herein) to determine whether an actor's conduct was a substantial factor in causing the harm. *See Farnell.*

Without setting forth any factual findings on the issue of causation or damages, the trial court awarded Portage the replacement value of the bridge or $18,801-

.20, stating that the damage award was based upon the reasoning of *Crea*.[1] It is provided in Pa. R.A.P. 1925:

> Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

Thus, because factfinding and resolution of testimonial conflicts are not a review prerogative of this Court, we must remand to the trial court with direction to make findings of fact.

We now turn to the application of *Crea* to the case *sub judice*. It is well settled law in Pennsylvania that the measure of damages for injury to property is the cost of repairs where the injury is repairable; but is the decrease in the fair market value where the injury is permanent. *Miller; Wade v. S. J. Groves & Sons Co.,* 283 Pa. Superior Ct. 464, 424 A.2d 902 (1981); *Marlowe v. Lehigh Township,* 100 Pa. Commonwealth Ct. 201, 514 A.2d 304 (1986); *Crea.* However, the courts have recognized that where the injury is partially repairable and partially permanent, damages have been allowed for reduction in fair market value in addition to the cost of repairs. *See Wade.* Proof of damages must be established with reasonable certainty. *Crea.*

In the *Crea* case, a bridge collapsed when the decedent negligently drove his automobile against the bridge superstructure. The evidence in *Crea* established that the bridge, which had been totally de-

---

[1] The trial court also denied Portage's petition for delay damages.

stroyed, was not *repairable* or *restorable* to its prior condition before the accident, and that a bridge such as the bridge in question would not be designed today. Judge BOWMAN stated in *Crea* that application of the general damage formula to property in the public domain which had been totally destroyed was not proper because of the impossibility of placing a fair market value on such property. For this reason, the replacement value of the bridge was awarded to the Commonwealth.

Lastly, based upon our decision herein, we need not address Portage's request for counsel fees, costs and delayed damages.

Accordingly, we remand this matter to the trial court for the purpose of issuing findings of fact consistent with this opinion and a new decision based thereon.

### ORDER

AND NOW, this 21st day of December, 1988, the order in the above-captioned matter is hereby vacated and the matter is remanded to the Court of Common Pleas of Cameron County for the purpose of issuing findings of fact consistent with this opinion and a new decision based thereon.

Jurisdiction relinquished.