142

575 A.2d 157

**SHIPPEN TOWNSHIP, Appellant,**

v.

**PORTAGE TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided May 14, 1990.

Petition for Allowance of Appeal
Denied Nov. 26, 1990.

Vernon D. Roof, Pontzer & Roof, Ridgway, for appellant.

Paul J. Malizia, Malizia & Malizia, P.C., for appellee.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Shippen Township (Appellant) appeals from a decision of the Cameron County Court of Common Pleas, rendering a verdict in favor of Portage Township (Portage) in the amount of $18,801.20. We affirm.

Portage filed an action in negligence against Appellant for damages allegedly caused by the latter's agent. The agent drove a 12½ ton garbage truck over Portage's bridge, which was posted with a 5 ton weight limit sign.

After the trial court rendered its $18,801.20 verdict in favor of Portage on September 21, 1987, this Court vacated and remanded the case due to the trial judge's failure to set forth factual findings on the issue of causation. *Shippen Township v. Portage Township,* 122 Pa.Commonwealth Ct. 259, 551 A.2d 409 (1988). On June 2, 1989, the trial court filed such findings in compliance with our order.

There are two issues before this Court.[1] The first is whether the trial court's findings of fact on the issue of causation were based on substantial evidence. The second is whether it erred in applying the measure of damages as per *Commonwealth v. Estate of Crea,* 92 Pa.Commonwealth Ct. 242, 483 A.2d 996 (1977).

Appellant contends that no evidence was presented to establish that the garbage truck's excess weight was a substantial factor in causing damage to the bridge. It argues that a hole left in the bridge by a sub-compact automobile prior to the garbage truck incident and the rusted and deteriorated condition of the supporting sluice pipes themselves were causes which brought about the damage, independent of any negligence on Appellant's part. Appellant thus contends that the trial court erroneously disregarded uncontradicted evidence of record and should have considered whether Portage was comparatively negligent.

The 12½ ton garbage truck need not have been the sole cause of the damage, only a substantial factor. *Farnell v. Winterloch Corp.,* 106 Pa.Commonwealth Ct. 542, 527 A.2d 204 (1987), *petition for allowance of appeal denied,* 518 Pa. 652, 544 A.2d 963 (1988). Therefore, even if the sub-compact automobile and the bridge components themselves contributed in part to the damage, we will not disturb the trial court's substantial factor finding unless we have a basis for saying that after due consideration of the

1. When the common pleas court is the finder of fact, our scope of review is limited to determining whether the findings were based on substantial evidence and whether an error of law was committed. *Hando v. Commonwealth,* 84 Pa.Commonwealth Ct. 63, 478 A.2d 932 (1984).

evidence, we could not have reasonably reached the trial judge's conclusions. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Superior Ct. 90, 464 A.2d 1243 (1983).

Mr. Boyd Neal Husted, an elected supervisor for Appellant, testified that he had been driving over the bridge at issue with the same 12½ ton garbage truck once per week since September of 1983. At one trip per week, this means that the truck crossed over the bridge approximately eighteen times before the February 16, 1984 incident. On the basis of this and other testimony of record, we find that it was not unreasonable for the trial judge to find that Appellant's garbage truck was the substantial factor in causing harm to the bridge. *Delahanty.*

■ As for damages, the trial judge made the following determination: "The plaintiff's bridge was totally destroyed and not repairable or restorable to its prior condition before the accident." Trial court's conclusion of law number 2. Pursuant to that conclusion, he rendered the verdict of $18,801.20, characterizing it as the "replacement cost of plaintiff's structure."

Here, the trial court relied on *Crea* in determining damages. In that case, an intoxicated motorist drove his automobile into a bridge superstructure, causing the same to collapse. This Court held that "[w]here concepts of value in a commercial sense cannot be applied because a particular structure in the public domain simply doesn't have any such value, speculatively or otherwise, the measure of damages must be the reasonable cost of replacement by a similar structure consistent with current standards of design." *Crea*, 92 Pa.Commonwealth Ct. at 253, 483 A.2d at 1002.

Appellant argues that *Crea* is distinguishable and thus inapplicable here because (1) the *Crea* bridge was totally destroyed and unrepairable, (2) this Court noted in *Crea* that the bridge at issue therein satisfied minimum strength requirements, was acceptable as per standards in the bridge industry and was adequate for its intended purposes and (3) the amount of damages in *Crea* was based on an amount determined by plaintiffs after inviting public bids. There-

fore, Appellant argues that the measure of damages found in *Crea* should only be applied in very specific circumstances.

Additionally, Appellant contends that the result of applying the *Crea* measure of damages here is that Portage benefits unduly by obtaining an entirely new bridge when the structure had only seven years remaining in its total estimated design life.

It is undisputed that the cost of temporary repairs to the bridge was in the amount of $451.20. Apparently, that has been the only amount spent on the bridge since the February 16, 1984 incident. However, just because repairs only and not total replacement occurred does not mean that the bridge was not totally destroyed. The trial judge found that the bridge was totally destroyed and beyond repair, and we will not disturb that determination, absent a lack of substantial evidence or an error of law. *Hando.*

There is testimony in the record that the bridge was adequate to serve the rural area in which it was located and the trial judge made a conclusion of law to that effect. Trial court's conclusion of law number 3. On that basis, we will not disturb the trial court judge's determination of total destruction.

Appellant next argues that this case is distinguishable from *Crea* because this court noted that the bridge at issue therein satisfied minimum strength requirements, was acceptable as per standards in the bridge industry and was adequate for its intended purpose. However, once again, even if the condition of the bridge itself contributed to the damage, it was only necessary for the trial court judge to find that the garbage truck was the substantial factor in causing the damage. *Farnell.* This he did.

Also, neither party disputes that a five ton weight limit sign was posted and that the truck weighed 12½ tons. The trial judge found the testimony that Appellant had been repeatedly warned about making trips with the truck over the bridge to be more credible than the testimony denying recollection of any such warnings. Therefore, the *Crea*

court's recognition of the testimony regarding the satisfactory condition of that bridge is inapplicable here.

Appellant seems to be contending that only public bids are a sufficient method of valuation in these types of cases. However, even though public bids were used in *Crea* to help establish value, that case requires only that the measure of damages be a reasonable calculation under the facts and circumstance of a case. *Crea*. Therefore, the expert's estimation accepted by the trial judge here as the reasonable replacement cost is not an error of law or an abuse of discretion because it was not based upon public bids.[2]

As to Appellant's policy concern that the application of the *Crea* measure of damages causes Portage now and those similarly situated in the future to benefit unduly from a totally new bridge when it only had a short life expectancy remaining, we return to the underlying purpose behind the *Crea* decision. Therein, this Court imposed damages in accordance with the reasonable cost of replacement because the bridge involved was in the public domain. Because the bridge here was also in the public domain, we support the trial court's reliance on the *Crea* measure of damages.

For the above reasons, we affirm.

## ORDER

AND NOW, this 14th day of May, 1990, the Court of Common Pleas of Cameron County in the above-captioned matter is hereby affirmed.

**2.** Here the reasonable cost of replacement was determined by the testimony and report of Mr. Roy Pedersen, a civil engineer, and is based on the following figures:

| | | |
|---|---|---:|
| A. | Temporary repairs | $ 451.20 |
| B. | Remove old pipe and roadway | 2,000.00 |
| C. | Install new 50″ arch pipe and backfill with a certain type of gravel | 6,500.00 |
| D. | Rip-rap in place by ton, 100 ton @ $28.50 per ton | 2,850.00 |
| E. | Guard fence on one side | 1,350.00 |
| F. | Cement headwall both sides | 3,150.00 |
| G. | Black top in place 400 square feet | 1,500.00 |
| H. | Clean-up and dispose of old pipe | 1,000.00 |
| | TOTAL | $18,801.20 |